# IN THE COURT OF APPEALS OF IOWA

No. 23-0982
Filed August 30, 2023

**IN THE INTEREST OF E.B. and P.D.,**
**Minor Children,**

**M.B., Father,**
    Appellant,

**C.D., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother and father appeal the juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Nicholas J. Einwalter, Des Moines, for appellant father.

Teresa M. Pope of Pope Law, PLLC, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Lynn Vogan, Des Moines, attorney and guardian ad litem for minor children.

Considered by Greer, P.J., Buller, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

A mother and father each appeal the termination of their parental rights.  As to the mother, we find a six-month extension of time is not advisable, termination of her parental rights is in the children's best interests, and she did not meet her burden to show an exception to termination should be applied.  As to the father, there is sufficient evidence in the record to support termination of parental rights to his child, termination is in the child's best interests, he did not meet his burden to show an exception should be applied, and he cannot show he will be able to care for the child within six months.  We affirm the termination of the mother's parental rights to her two children and the father's parental rights to his child.

## I.     Background Facts & Proceedings

C.D. is the mother of P.D., born in 2015, and E.B., born in 2019.  Z.G. is the father of P.D.  M.B. is the father of E.B.  In 2021, the family became involved with the Iowa Department of Health and Human Services (HHS) due to concerns about substance abuse by C.D. and M.B.  The mother entered a residential substance-abuse-treatment program in July 2021.  P.D. was placed with his father, Z.G., and E.B. was placed with the child's paternal grandparents.  The mother left the program within a few days.  She entered an intensive outpatient program but was discharged for lack of participation.  At the time, M.B. was incarcerated.

On October 11, the children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2021).  In the dispositional order, filed on January 31, 2022, the court determined the children "should remain in out-of-home placement due to the mother and father [M.B.'s]

substance abuse/mental health needs and instability." C.D. and M.B. are also the parents of Em.B., born in 2022.

On August 22, the mother and M.B. overdosed on fentanyl and opiates in a vehicle in a parking lot. The parents were slumped over and the mother's face was blue. Em.B. was in a car seat in the vehicle with them. M.B. woke up when officers knocked on the car window but the officers had to administer Narcan to the mother, which is given to treat an overdose in an emergency situation. The parents were charged with child endangerment. Em.B. tested positive for amphetamines, methamphetamine, cocaine, and THC.[1]

Following the mother's overdose, P.D. struggled with behaviors. In October, P.D. told social workers he no longer wanted to visit his mother. His therapist recommended that P.D. be given the option of whether to visit the mother or not. He has not had any further visits with her. In November, the mother tested positive for amphetamines, methamphetamine, and THC. She also tested positive for methamphetamine in January 2023.

A petition to terminate the parents' rights was filed on January 24. The termination hearing was held on February 13. The mother was placed on probation based on the charge of child endangerment. As part of her probation, she entered a substance-abuse treatment program, where she resided at the time of the hearing. The father's child endangerment charges remained unresolved. He was in the beginning stages of a one-year treatment program. He is not able to have the child in his care in this program.

---

[1] Em.B. was removed from the parents' care. Separate CINA proceedings have been instituted for Em.B.

The court entered an order terminating the parental rights of the mother under section 232.116(1)(f) (P.D.), (h) (E.B.), and (*l*) (2023). M.B.'s parental rights to E.B. were terminated under section 232.116(1)(h). The court found termination is in the children's best interests, stating the parents "are in no position to meet the children's needs given their present issues." The court declined to apply any of the exceptions in section 232.116(3). The court did not grant the parents' requests for a six-month extension of time to work on reunification. The mother and M.B. appeal the termination of their parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

### III. Mother

**A.** The mother asks for additional time to work on reunification with the children. A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension of time may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

The mother states it is likely the children could be returned to her within six months if she continued to participate in substance-abuse treatment, engages in individual therapy, interacts with the children, and locates housing. The mother has a history of entering substance-abuse treatment programs then leaving before completing treatment. The court found, "The mother's prognosis in addressing her substance-abuse issues, mental-health issues, and instability, indicates that these children cannot be returned to her custody within a reasonable period of time." We find it is unlikely the need for removal will no longer exist at the end of six months. *See id.*

**B.** The mother does not dispute whether there was a statutory ground for termination of her parental rights. She claims, however, that termination of her parental rights is not in the children's best interests. She asserts that she is now

willing to participate in services and maintain sobriety. She also wants to strengthen her relationship with P.D.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The court found termination of the mother's parental rights is in the children's best interests, noting "[d]ue to [the mother's] unresolved substance-abuse issues, and unresolved mental-health issues and instability, [the mother] poses a risk to [E.B.'s] and [P.D.'s] well-being." The mother is just beginning to address her substance-abuse and mental-health problems. She is unable to meet the children's needs or provide stability and permanency for them. We find it is in the children's best interests to terminate the mother's parental rights.

**C.** The mother contends the court should have applied an exception to termination under section 232.116(3). She states the exception in section 232.116(3)(a), "A relative has legal custody of the child," could be applied. The mother points out that P.D. is in the care of his biological father and E.B. is in the care of the paternal grandparents.

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in

section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The child's best interests remain our first consideration. *Id.* at 475.

The court stated:

The Court does not exercise any of the permissive exceptions under Iowa Code section 232.116(3). Although both children are placed with relatives, both children need true permanency that only termination of parental rights will provide. Both children are very young and they need to know who is going to be the person(s) to meet their needs for the rest of their childhood and beyond. The uncertainty of anything less than termination of parental rights would not be in their best interests as it would be disruptive to their custodians/caretakers and more importantly, disruptive to the children themselves.

On our de novo review, we agree with the court's analysis. We conclude the mother did not meet her burden to show an exception to termination should be applied. *See W.T.*, 967 N.W.2d at 322 (noting a parent's burden to establish an exception to termination).

**IV. Father**

**A.** The father claims there is not sufficient evidence in the record to support termination of his parental rights to E.B. He contends the State did not prove by clear and convincing evidence that the child could not be returned to his care at the time of the termination hearing. He asserts that he was working diligently towards sobriety.

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.,* 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). The father's rights were terminated under section 232.116(1)(h).[2] One of the criteria in section 232.116(1)(h) is whether a child can be returned to the parent at the time of the termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

The father had been charged with child endangerment, pled guilty to neglect, and was waiting to be sentenced, so at the time of the termination hearing it was unknown if he would be sent to prison. Also, the father was in a substance-abuse program that takes about a year to complete. The father testified he had additional work to do to address his substance-abuse problems before he could care for his child. He acknowledged he would not be available as a placement option for the child until he completed the one-year program. We conclude there is clear and convincing evidence in the record to show E.B. could not be safely placed in the father's care at the time of the termination hearing. *See id.*

---

[2] Section 232.116(1)(h) provides for termination of parental rights based on the following criteria:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

**B.** The father contends that termination of his parental rights is not in the best interests of E.B. He asserts that the child could be placed in a guardianship with the paternal grandparents.

"[A] guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Guardianships can be modified or terminated. *See id.* at 477–478 (discussing the practical realities of guardianships); *In re Z.G.*, No. 20-1083, 2020 WL 7383528, at *3 (Iowa Ct. App. Dec. 16, 2020).

The court addressed this issue and found an ongoing guardianship is not in the child's best interests. The court found, "The paternal grandmother needs the legal ability to fully protect [E.B.] from chaos and danger. An ongoing guardianship is clearly contrary to [E.B.'s] best interests." We find that a guardianship would simply add another dimension of uncertainty for E.B. We conclude a guardianship is not in the child's best interests. The child's best interests are served by terminating the father's parental rights.

**C.** Similarly, the father argues the court should have applied the exception to termination found in section 232.116(3)(a)—"A relative has legal custody of the child." In this argument he again asserts that the child could be placed in a guardianship with the paternal grandmother. As discussed above, a guardianship is not in the child's best interests. We conclude the father has not met his burden to show an exception to termination should be applied. *See W.T.*, 967 N.W.2d at 322.

**D.** The father's petition on appeal mentions that he could be reunited with the child within six months. *See D.P.*, 2021 WL 3891722, at *2 (noting

sections 232.104(2)(b) and 232.117(5) permit a six-month extension of time if parental rights are not terminated following a termination hearing). This request was mentioned in the section of his brief arguing that termination is not in E.B.'s best interest. Read together, Iowa Rules of Appellate Procedure 6.201(d) and 6.1401 – Form 5, paragraph 8 require that any issue raised on appeal must be separately stated in a numbered section of the petition on appeal. Observance of this rule facilitates timely consideration of the appeal and assures all issues properly raised will be considered; failure to do so may result in waiving the issue. This omission notwithstanding, we briefly address it. The father was just beginning a one-year substance-abuse-treatment program. The evidence does not show it was likely the child could be returned to the father's care within six months. The record does not support granting a six-month extension of time in this case.

We affirm the termination of the mother's parental rights to P.D. and E.B. and the father's parental rights to E.B.

**AFFIRMED ON BOTH APPEALS.**